FREDERICK W. SORENSON v. CECELIA SORENSON AND JOHN L. SORENSON.

*Fraudulent conveyances —Subsequent creditors of grantor—Right to assail validity of transfer.*

1. A sale of land cannot be assailed as *fraudulent* by a creditor who held no claim against the vendor at time of such sale.    '

2. Where a debtor, *prior* to becoming such, received a deed of land, which he sold to a third party, who paid him for the same, and whose name was substituted in said deed for that of his vendor, after which the deed was recorded, and the land conveyed to third parties, who relied upon the record title, the land cannot be subjected to an execution in favor of the debtor's creditors.

3. Upon the facts of this case, a verdict should have been directed in favor of the defendants.

Error to Manistee. (Judkins, J.) Argued February 14, 1888. Decided April 13, 1888.

Ejectment. Defendants' bring error. Reversed. The facts are stated in the opinion.

*Dovel & Smith,* for appellants.

*McAlvay & Grant* and *Ramsdell & Benedict,* for plaintiff.

SHERWOOD, C. J. This suit is an action of ejectment brought to recover possession of lot 5, in block 11, in the village of Brookfield, in the county of Manistee.

The plaintiff derives title through an execution sale of the property upon a judgment he held against the defendant John L. Sorenson.

The defense is that Mr. Sorenson never owned the property; that while a deed by the owner, a Mr. Schroeder, was made out, executed, and acknowledged to Mr. Sorenson, yet it was

never delivered to him, but was, after the making and acknowledging of the same, changed by striking out Mr. Sorenson's name as grantee, and inserting in the place thereof the name of Oluf N. Swanson, changing the date of the deed to correspond, and that the grantors then reacknowledged the same before a notary public; that the deed thus changed, executed, and acknowledged, was delivered to the grantee; that the grantee, being indebted to Mr. Sorenson in the sum of $2,000, executed a mortgage on the lot in question to Sorenson to secure the payment of that money, who afterwards assigned it to Joseph Baur, and that Baur afterwards, and in the same year, assigned it to Mrs. Sorenson, the defendant, she mortgaging her farm to raise the money to make the purchase; that Swanson sold the premises to Mr. White, and White subsequently deeded the lot to Mrs. Sorenson, who, with her husband, were in possession of the premises when the plaintiff brought his suit.

The plaintiff claims that at the time of his levy upon the property and sale thereof the defendant John L. Sorenson was the owner of the same in fee; that he purchased the premises of the Schroeders, by deed dated sometime in August, 1883, and that he never afterwards conveyed away his title to the same; that he went into possession immediately under said deed, and has held such possession ever since. Plaintiff further claims that the changes made in the deed were made without the knowledge of the grantors, and were forgeries; and that the deed, as first drafted, signed, and acknowledged, was delivered to defendant John L. Sorenson.

Upon these two theories the cause was tried in the Manistee circuit, and the plaintiff recovered.

The jury, besides finding generally for the plaintiff, made the following answers to special questions submitted to them by the court at the request of counsel for the defendants:

"1. Had the deed from John O. Schroeder and wife been

delivered to Sorenson prior to December 17, 1883? The jury answer yes.

"2. Did John C. Schroeder and wife acknowledge deed before Mr. Glassmire on December 17, 1883? The jury answer no.

"3. Did John C. Schroeder and wife deliver deed to Swanson on December 17, 1883? The jury answer no."

Defendants bring error.

The plaintiff claims that the verdict of the jury establishes beyond all question in the case the following facts:

"1. That Sorenson purchased the land from the Schroeders, and received his deed at the time of purchase.

"2. That such deed was never re-executed and reacknowledged before Glassmire, as claimed by defendants.

"3. That no deed was ever made by the Schroeders to the man Oluf N. Swanson.

"4. Consequently, that all changes made in the deed in question were forgeries; and that these special findings are in strict accord with the overwhelming weight of the evidence. The attention of the Court is called to the oral evidence in the case, which is all returned."

What the testimony tends to show can only be considered in connection with the rulings made by the court, and the charge given, which were properly excepted to.

John L. Sorenson testifies that sometime between July and the seventeenth of December, 1883, he purchased the lot in question of Mrs. Emilie Schroeder and her husband, John C. Schroeder, and that John C. did the business for the grantors; that he paid for the lot, at the time he agreed for its purchase, to John C. Schroeder $90 in gold, and gave him an old scow worth about $100; that, after the lot was purchased, Mr. Sorenson and Mr. Swanson put up a building upon the lot worth about $3,500; that this was completed about December 16, 1883; that on the seventeenth of December he and Swanson went to Schroeder for the purpose of getting a deed of the lot; that he took a notary with him to make out the papers, and that then, for the first time, he saw the deed, which was changed; that he never had or saw

the deed before; that he had made an arrangement with Swanson, before going to Schroeder's, to let him have the deed of the property, and take back a mortgage for his interest in the same, and when they were ready to make the deed neither the notary nor Mr. Schroeder had any blank deeds, and that they changed the one Schroeder had made out, but never delivered, so as to make Swanson the grantee; that it was properly redated and signed and acknowledged, and delivered to Swanson in pursuance of their agreement, and Swanson made the mortgage to Mr. Sorenson, who sold it to one Baur; and that he subsequently sold it to Mrs. Sorenson; and that she afterwards bought the property of Mr. White, who purchased of Swanson.

In his testimony Mr. Sorenson is corroborated to a considerable extent by the notary public and Mr. Swanson.

Mr. John O. Schroeder, contradicting them all, testifies that the deed he made was dated in August or September, 1883; that, after it was executed, he delivered it to John L. Sorenson, and did not see it afterwards until after it was recorded; that the changes in the deed were made without his knowledge or consent; and that he never reacknowledged the deed, and neither did his wife.

The records in the office of the register of deeds do not show that John L. Sorenson ever had any interest in the property. When the execution was levied upon the property in question, Swanson held the legal title of record, and had for several months previous. He had owned the equitable title from the time of his purchase of Sorenson, and, if what the plaintiff claims is true, he owned both the legal and equitable title. The plaintiff claims that Schroeder gave Sorenson his title in August, and that the grantee entered thereunder; and it is undisputed that in December following Sorenson sold the property, or his contract for its purchase (for it was one or the other), to Swanson. That Swanson sold to White in good faith, and White, for a valuable consideration, sold

to Mrs. Sorenson, does not seem to be controverted. It is under these circumstances that the plaintiff seeks to recover the property and its possession in this action of ejectment; and he claims that if the title once vested in Sorenson, under the deed claimed to have been made and delivered by the Schroeders to him in August, 1883, he cannot be divested of it except by conveyance, and that the plaintiff had a right to disregard the equities of all other parties and the condition of the record, make sale of the property, and, after equity of redemption expired, obtain full title under his sale.

The court, adopting the views of the plaintiff, charged the jury that:

" If you believe from the evidence in this case that Schroeder and his wife made a deed out, as is claimed by them, to John L. Sorenson, and delivered it to him, then I charge you, as a matter of law, that the plaintiff in this case is entitled to recover on the evidence. If you believe that one fact, that one fact by itself, the plaintiff can recover."

This charge, under the circumstances of this case, was erroneous. This one fact is not at all inconsistent with the ownership and right of possession of Mrs. Sorenson. Neither do the special findings of the jury affect her right to the possession of the property. They find Schroeder did convey to John L. Sorenson before December, 1883, and not to Swanson, as claimed; but it is not denied that John sold to Swanson in December, and received his pay for the property as claimed, even before the plaintiff became a creditor of John; nor are the transfers from Swanson to White and from White to Mrs. Sorenson denied.

The fact that Swanson's interest or purchase from Sorenson does not appear of record cannot avail the plaintiff.

John L. Sorenson had no interest in the property at the time the plaintiff's claim originated, and never had afterwards.

It cannot be claimed the sale of the property to Swanson

by John was fraudulent as against the plaintiff, who held
no claim against Sorenson at the time the sale was made.

If all that is claimed by the plaintiff is true, as shown by
the record, the interest sought to be made liable for his debt
could only be reached in a court of equity.

The defendants asked the court to charge the jury as fol-
lows :

"1. Even if the conveyance from Schroeder and wife to
Swanson was fraudulent as against the creditors of John L.
Sorenson at the time the conveyance was made, still, if you
find that Frederick W. Sorenson was not a creditor until
after such conveyance was made, and did not give credit on
the strength of such property belonging to John L. Sorenson,
the plaintiff cannot recover in this suit.

"2. There is no evidence in this case tending to show that
plaintiff extended credit to defendant on the strength of this
property, or that he even knew of this property at the time
his claim arose, and consequently he could not complain of
any transfer of the property.

"3. Under all the evidence in this case the plaintiff is not
entitled to recover."

Either or all of these requests were proper, and certainly
the last should have been given.

The judgment must be reversed, and a new trial granted.

MORSE and LONG, JJ., concurred. CHAMPLIN, J., did not
sit.